## STATE vs. JOHN C. SMITH.

### MAY 21, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

(1)  *Motor Vehicles.  Constitutional Questions.*

Gen. Laws, 1909, cap. 298, § 2, provides for the method of raising constitutional questions in a criminal case, and such a question must be specifically raised at the trial and cannot be considered on a bill of exceptions under the general ground that the verdict is against the law.

CRIMINAL APPEAL. Heard on exceptions of defendant and overruled.

VINCENT, J. This is a criminal appeal tried in the Superior Court. The charge was a violation of the last part of Sec. 12, Chap. 86 of the Gen. Laws, which reads as follows: "Every driver of a motor vehicle, after knowingly causing an accident by collision or otherwise, or knowingly injuring any person, horse, or vehicle, shall forthwith bring his motor

vehicle to a full stop, return to the scene of the accident, and give to any proper person demanding the same, the number of his driver's license, the registration number of the motor vehicle, and the names and residences of each and every male occupant of said motor vehicle."

The jury found a verdict of guilty against the defendant. Subsequently, the defendant filed a motion for a new trial on the grounds (1) that the verdict was against the law and (2) that the verdict was against the law and the evidence and the weight thereof. This motion was denied and an exception was taken by the defendant to the decision of the trial court upon the grounds stated therein and further upon the refusal of the trial court to dismiss the complaint on the ground that it did not charge any offence known to the law of this state.

The latter ground was not argued by the defendant at the hearing and is not referred to in his brief. We must assume, therefore, that it has been abandoned and need not be considered.

The defendant's brief contains a statement that, "the final clause of Sec. 12 of Chap. 86 of the Gen. Laws is unconstitutional and void in that it is in conflict with the provisions of Sec. 13 of Art. I of the Constitution of Rhode Island," and in the final paragraph thereof, designated as the "prayer," he again refers to the constitutional question.

There is no constitutional question before this court. (1) The method of raising constitutional questions in a criminal case is specifically set forth in Sec. 2 of Chap. 298 of the Gen. Laws, which reads: "Whenever the constitutionality of any act of the general assembly shall be brought in question in the trial of a criminal cause in any court, the decision of the question shall be reserved, and the trial of the case in other respects shall proceed as if the statute were constitutional; and if the defendant shall be found guilty, sentence shall be stayed, and the constitutional question raised, together with a record of the case, and a transcript of the testimony, or so much thereof as pertains

to the constitutional question, shall be certified and transmitted forthwith to the Supreme Court for decision."

It does not appear that any constitutional question was raised at the trial. Neither the transcript of testimony nor the pleadings contain any reference to such a question. Whenever it is desired to bring in question the constitutionality of an act of the General Assembly, that question must be specifically raised at the trial. It is not raised and cannot be considered under the general ground that the verdict is against the law.

The defendant relied upon an alibi. He claimed and offered testimony tending to show that at the time of the accident he was transacting business in another part of the State, while, on the other hand, witnesses for the complainant identified the defendant as the man who was driving the car, at the time of the accident. The testimony upon the question of identity was more or less conflicting. The jury, however, after seeing and hearing the witnesses upon both sides, found the defendant guilty and their verdict was afterwards affirmed by the trial judge in his denial of the defendant's motion for a new trial.

After an examination of the whole case, including the transcript of testimony, we cannot say that the verdict of the jury was wrong or that there was any error in the decision of the trial judge in denying the defendant's motion for a new trial.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for sentence.

*Livingston Ham,* Assistant Attorney-General, for State.
*Edward M. Sullivan, Francis E. Sullivan,* for defendant.